# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

In re:

MONTREAL MAINE & ATLANTIC
RAILWAY, LTD.

1:13-mc-00184-NT
1:14-cv-00071-NT
1:14-cv-00113-NT
through and including
1:14-cv-00130-NT
1:15-cv-00250-NT

## STIPULATED SECOND AMENDED AND RESTATED ORDER
## STAYING PROCEEDINGS PENDING APPEAL IN 1:13-mc-00184-NT

This matter having come before the Court on the *Joint Motion of Annick Roy (O/B/O Jean-Guy Veilleux), Marie-Josee Grimard (O/B/O Henriette Latulippe), the Trustee, and Counsel to the Plaintiffs for Second Amended and Restated Order Modifying Consent Order Staying Proceedings Pending Appeal in 1:13-mc-00184-NT* (the "Motion"), filed by Annick Roy (o/b/o Jean-Guy Veilleux), Marie-Josee Grimard (o/b/o Henriette Latulippe) and Robert J. Keach, the chapter 11 trustee of Montreal Maine & Atlantic Railway, Ltd. (the "Trustee") in case 1:13-mc-00184-NT, seeking entry of an order modifying the *Consent Order Staying Proceedings Pending Appeal in 1:13-mc-00184-NT* [D.E. 253] ("Original Stay Order"); and the Court having entered the *Order Amending and Restating Consent Order Staying Proceedings Pending Appeal in 1:13-mc-00184-NT* [D.E. 277] (the "Amended Stay Order") on March 23, 2015; and plaintiffs Annick Roy (o/b/o Jean-Guy Veilleux) and Marie-Josee Grimard (o/b/o Henriette Latulippe) having filed a notice on May 7, 2015 purporting to terminate the stay imposed by the Amended Stay Order [D.E. 280], effective thirty days after the filing of such notice; and the Official Committee of Victims appointed in the chapter 11 case in which Montreal Maine & Atlantic Railway, Ltd. ("MMA") is a debtor pending in the United States Bankruptcy Court for the

District of Maine having filed a motion partially opposing the termination of the stay imposed by the Amended Stay Order [D.E. 282] (the "OVC Motion"); and the Trustee and plaintiffs Annick Roy (o/b/o Jean-Guy Veilleux) and Marie-Josee Grimard (o/b/o Henriette Latulippe) having filed responses to the OVC Motion; and due and appropriate notice of the foregoing pleadings having been given; and the Court having reviewed the foregoing pleadings and having held a hearing on the OVC Motion on June 4, 2015; and the OVC Motion having been denied on the merits; the undersigned parties in interest hereby **STIPULATE**, and the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES**, that:

1.    All of the civil actions transferred to this Court pursuant to the Court's *Order on Motions to Transfer Cases and Motion to Strike* [D.E. 100] (the "Section 157(b)(5) Transfer Order"), and all proceedings therein, are hereby stayed against all existing and future defendants as set forth in this Stipulated Order.  The civil actions subject to this stay (the "Transferred Actions") are the civil actions pending in this Court with docket numbers 1:14-cv-00071,1:14-cv-00113-NT and 1:13-cv-00184-NT, as well as the following civil actions the ("Disputed Actions") that plaintiffs allege have been dismissed without prejudice but as to which some defendants maintain have not been dismissed, with the following assigned docket numbers:

|                     | 1:14-cv-00122-NT |
|---------------------|------------------|
| 1:14-cv-00114-NT    | 1:14-cv-00123-NT |
| 1:14-cv-00115-NT    | 1:14-cv-00124-NT |
| 1:14-cv-00116-NT    | 1:14-cv-00125-NT |
| 1:14-cv-00117-NT    | 1:14-cv-00126-NT |
| 1:14-cv-00118-NT    | 1:14-cv-00127-NT |
| 1:14-cv-00119-NT    | 1:14-cv-00128-NT |
| 1:14-cv-00120-NT    | 1:14-cv-00129-NT |
| 1:14-cv-00121-NT    | 1:14-cv-00130-NT |

By agreement with the plaintiff in <u>Grimard v. Western Petroleum Company</u> (which case was transferred pursuant to the Section 157(b)(5) Transfer Order, although the physical file has not been transferred by the Clerk of the Circuit Court of Cook County (Illinois)), that case is also subject to the stay contained in this Stipulated Order.

      2.     As of June 17, 2014 (the date the Original Stay Order was entered on the docket in this case), all deadlines applicable to the Transferred Actions, whether imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maine, any applicable state rules of civil procedure, or by applicable law, shall be tolled until the Termination Date (as defined in Paragraph 5 hereof).  Upon the Termination Date, the parties to the Transferred Actions shall confer upon an appropriate scheduling order.  For the avoidance of doubt, the stay imposed by the Stipulated Order is for procedural purposes only and shall not affect the substantive rights of any parties to the Transferred Actions.

      3.     Without limiting the foregoing, during the stay imposed by this Stipulated Order:

    a.  the Court will not rule on the pending *Motion of Wrongful Death Claims for Mandatory Abstention* [D.E. 227], filed on or about April 4, 2014.

    b.  All pleadings and papers relating to this Order, or its termination, shall be filed and docketed in all of the Transferred Actions, *provided, however,* that nothing in this Order, or the filing of any pleadings or papers in the Disputed Actions as required by this Order, (i) shall adversely affect plaintiffs with respect to the propriety of Illinois or Texas as a proper forum for the determination of any wrongful death or other claims against any party other than MMA arising from the Derailment, (ii) shall be a factor in support of any request by any party to transfer venue from Illinois or Texas courts to a court in another jurisdiction based upon *forum non conveniens* or any other theory or principle of law or equity, or (iii) shall adversely affect plaintiffs' position and assertion that the Disputed Actions have been dismissed pursuant to Fed.R.Civ.P. 41 and are not pending in this Court.

    c.  Plaintiff's counsel may represent parties in newly commenced or existing cases (such as the <u>Grimard</u> case referenced above) related to the Derailment against any or any subset of the current defendants in the Transferred Actions and any new defendants, including, without limitation, any Settling Agreement Signatories (as defined below) (the "<u>New Cases</u>"), <u>provided</u>, <u>however</u>, that plaintiffs' counsel

3

shall, and hereby covenant and agree that they shall, as soon as reasonably practicable following entry of this Order and service of the complaints as provided below, file a motion seeking the entry of an order in such New Cases staying all proceedings therein (except with respect to the Transferred Actions, in which event motions have been filed seeking leave to amend the complaints in such Transferred Actions, and the stay shall become effective as to such Transferred Actions immediately after filing and service of the amended complaints) against any and all of the persons or entities listed on Schedule A to this Stipulated Order (each a "Settlement Agreement Signatory" and, collectively, the "Settlement Agreement Signatories"), on the same terms as this Stipulated Order.   Unless any such undersigned defendant's counsel notifies Plaintiffs' counsel to the contrary in writing within three (3) business days of the entry of this Stipulated Order in which case service shall be under any applicable procedure, the undersigned defendants' counsel agree to accept service of process on behalf of their respective client(s) in any Transferred Cases or New Cases, and service shall be made upon such defendants only by service upon such undersigned counsel.   Acceptance of service hereunder shall not constitute consent to jurisdiction (whether personal, subject matter or otherwise), waiver of any challenge to jurisdiction (whether personal, subject matter or otherwise) and shall not waive any claim or defense other than sufficiency of service of process, and is in all respects subject to the provisions of this Stipulated Order.

d.  With respect to the Transferred Actions in which Plaintiff has moved for leave to amend the complaints, if such leave is granted, then the stay imposed by the Stipulated Order shall become effective immediately (as to such Settlement Agreement Signatory) after filing and service of the amended complaint(s) upon any Settlement Agreement Signatory.

e.  Nothing herein shall prejudice (i) the rights (if any) of parties in the New Cases to file motions, pleadings, oppositions or other documents in the courts in which the New Cases are commenced, subject, however, to Paragraphs 3(f), 7 and 8 hereof and the terms of the stay orders entered in any New Cases; (ii) the right of the Trustee to seek or any other party to oppose or support confirmation of a chapter 11 plan ("Plan") in the Chapter 11 Case, as defined below, on any grounds, including, without limitation, a Plan that purports to enjoin the prosecution of New Cases or release any of the defendants in New Cases; and (iii) the right of any party or entity to seek, and the right of any party to oppose or support, an order under 11 U.S.C. §§1507, 1519, or 1521, or otherwise under standards of international comity, which order recognizes and enforces any order issued in the CCAA proceedings of Montreal Maine & Atlantic Canada Co. which provides for releases of settling defendants and/or a permanent injunction against suits against settling defendants and other persons as to any and all claims arising out of or related to the Derailment.   Subject to the terms and conditions of this Stipulated Order, and each of the stay orders entered in any New Cases, all parties shall also retain all rights with respect to any and all disputes regarding whether any of the New Cases should be transferred to this Court, and all such rights are reserved pending this Court's determination of any such dispute that may arise.

4

f. The parties hereby covenant and agree that the 30 day removal period as to the New Cases filed in a state court shall not begin to run until the stay contemplated in this stipulation is lifted. Plaintiffs' counsel hereby covenant and agree that any and all removal petitions filed in the New Cases shall not be untimely solely because such petitions were not filed prior to entry of a stay order pursuant to this stipulated order. Each of the Parties shall, and hereby covenants and agrees that it shall, prior to the Termination Date, stand still and not take any action in the Transferred Actions or in any New Cases that is contrary to the provisions of this Stipulated Order. Plaintiffs' counsel hereby covenant and agree that the period from the date of this Stipulated Order until the termination of the stay shall not be included in the calculation of the time period for the filing of any removal petition. Plaintiffs' counsel hereby further waive the right to challenge any removal petition on the grounds of untimeliness based in any part on the period prior to the termination of the stay.

g. In the event a New Case is dismissed by a court sua sponte for want of prosecution during the period of the stay, Defendants will not oppose reinstatement of the New Case during or within 30 days after expiration of the stay without waiving any other defense or counterclaim that may be asserted in the New Case.

h. Upon the entry of this Stipulated Order, with respect to any New Cases and the Transferred Actions (including the Disputed Actions), (i) any and all deadlines and other applicable time-related limitations, whether imposed by the Federal Rules of Civil Procedure, the Local Rules of any applicable United States District Court, any applicable state rules of civil procedure, or by applicable law, shall be tolled during the pendency of the stay orders entered in the Transferred Actions, the Disputed Actions and/or the New Cases under Paragraph 3(c) through and until the "Tolling Date," which shall be 30 days after the Termination Date.

4. The stay imposed by this Stipulated Order only applies to the Transferred Actions, the Disputed Actions (if applicable) and, with respect to Settlement Agreement Signatories, to the extent set forth above to any New Cases that might be brought against any Settlement Agreement Signatory. For avoidance of doubt, the stay imposed by this Order does not apply (i) to any proceedings or contested matters in the underlying chapter 11 bankruptcy case of MMA currently pending before the United States Bankruptcy Court for the District of Maine (the "Chapter 11 Case"), (ii) to any contested matters or adversary proceedings in the Chapter 11 Case, or (iii) to the proceeding commenced by Montreal Maine & Atlantic Canada

5

Co., MMA's wholly-owned subsidiary ("MMAC"), under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, C-36, as amended, currently pending before the Quebec Superior of Justice (Commercial Division) (the "Canadian Case"), or any matters in that proceeding. Without limiting the foregoing, nothing in this Stipulated Order shall limit in any way the ability of the Trustee, MMAC, or the monitor in the Canadian Case from proposing, and any other party from supporting or objecting, in connection with a Plan or in the Canadian Case, that the prosecution of the Transferred Actions, the Disputed Actions and/or the New Cases be permanently enjoined and that any or all of the defendants in such cases be released from any and all claims held by any or all of the plaintiffs in such cases or held or asserted by any other persons or entities.

5.      The stay imposed by, and the undertakings set forth in, this Stipulated Order shall terminate on the earlier of (i) the Effective Date of the Plan proposed in the Chapter 11 Case and the Implementation Date of the Plan proposed in the Canadian Case (as those terms are defined therein) or (ii) September 30, 2015 (the "Termination Date"); provided, however, that if the order confirming (or denying confirmation of) the Plan proposed in the Chapter 11 Case has not been entered by the Bankruptcy Court and/or has not become final and nonappealable prior to September 30, 2015, then the stay will remain in place until such order confirming the plan has been finally adjudicated, including by the exhaustion of all appeals from such order confirming (or denying confirmation of) such Plan, or the Chapter 11 Case has been dismissed.

6.      With respect to the Transferred Actions and New Cases that are not already barred by the applicable statute of limitations as of entry of the Original Stay Order, any and all applicable statutes of limitations (including as to claims that could be asserted by any defendant) shall be and hereby are tolled during the pendency of the stay orders entered in each of the

Transferred Actions and New Cases under Paragraph 3(c) through and until the Tolling Date. This Order shall be binding upon the plaintiffs in the Transferred Actions and the New Cases, the Trustee, the Settlement Agreement Signatories, all other Defendants in the New Cases and the Transferred Actions and their affiliates, Canadian Pacific Railway Company and its affiliates, and any and all other persons with notice of this Order.  With respect to all of the Transferred Actions (including, without limitation, in the Disputed Actions if the Disputed Actions are determined not to have been dismissed or are reinstated on the docket of this Court), the plaintiffs shall be and hereby are granted leave to amend their respective complaints retroactively *nunc pro tunc* as of the date of entry of this Order to add parties and claims related to the Derailment, provided, however, that nothing in this subparagraph shall resurrect any cause of action already barred by any applicable statute of limitations prior to the date of the entry of the Original Stay Order (and not taking into account any applicable tolling agreements set forth herein).

7.     Nothing in this Stipulated Order shall be deemed to prejudice or otherwise affect the rights, claims, defenses and/or remedies that any party has or may have with respect to the amount, allowance, enforceability and/or priority of any attorneys' fees of any counsel in connection with the Derailment, nor shall anything in this Stipulated Order be deemed to prejudice or otherwise affect the removability of the Transferred Actions (including the Disputed Actions) or the New Cases, or dismissal based on *forum non conveniens*.

8.     The Parties acknowledge and agree that they will not at any time claim in any proceeding (or otherwise) that any action undertaken by a Settlement Agreement Signatory with respect to this Stipulated Order or the stay orders in the Transferred Actions, Disputed Actions and/or the New Cases constitutes a submission of that Settlement Agreement Signatory to

personal jurisdiction in the Transferred Actions, the Disputed Actions, the New Cases, and/or any other action relating to the Derailment filed in any court in the United States.  Moreover, the consent to this Stipulated Order (and any of the stay orders contemplated herein), as well as any action undertaken pursuant to such orders, shall not constitute (i) the entry of an appearance by such Settlement Agreement Signatory; (ii) the consent to jurisdiction with respect to any such Settlement Agreement Signatory in any Court; or (iii) the waiver or relinquishment of any claims or defenses with respect to the Transferred Actions, the Disputed Actions, the New Cases and/or any other action related to the Derailment filed in any court in the United States.

9.    The Court has and shall retain jurisdiction to hear and determine any and all disputes arising from or relating to the interpretation, implementation and/or enforcement of this Stipulated Order.

10.    The consent to this Stipulated Order by those parties to Settlement Agreements who are not parties to the Transferred Actions (including the Disputed Actions) shall not constitute: (i) the entry of an appearance by such parties in the Transferred Actions (including the Disputed Actions) or the New Cases; (ii) the consent or submission to this Court's jurisdiction with respect to any such parties to Settlement Agreements or (iii) or the waiver or relinquishment of any claims or defenses with respect to the Transferred Actions (including the Disputed Actions)  the New Cases and/or any other action related to the Derailment filed in any court in the United States.

Dated:  July ___, 2015                          _____
                                                Honorable John C. Nivison
                                                United States Magistrate Judge


The below signatures of counsel for the Settlement Agreement Signatories represents the consent of the Settlement Agreement Signatories, as well as their respective subsidiaries, affiliates and

other related business entities as set forth in Schedule A, to the relief sought herein, subject to the specific terms, conditions and limitations set forth above.

**DEVLAR ENERGY MARKETING LLC, LARIO OIL & GAS COMPANY and DEVO TRADING & CONSULTING COMPANY**

*/s/ Steven E. Cope*
Steven E. Cope, Esq.
COPE LAW FIRM
One William Street
P.O. Box 1398
Portland, Maine 04104
Tel: (207) 772-7491

**OASIS PETROLEUM INC., AND OASIS PETROLEUM LLC**

*/s/ Kelley Friedman*
Kelley Friedman, Esq.
Randy L. Fairless, Esq.
JOHANSON & FAIRLESS, L.L.P.
1456 First Colony Blvd.
Sugar Land, Texas 77479
Tel: (281) 313-5000

**INLAND OIL & GAS CORPORATION, WHITING PETROLEUM CORPORATION, ENERPLUS RESOURCES (USA) CORPORATION, HALCÓN RESOURCES CORPORATION, TRACKER RESOURCES, KODIAK OIL & GAS CORP. (N/K/A WHITING CANADIAN HOLDING COMPANY, ULC), AND GOLDEN EYE RESOURCES LLC**

*/s/ Kelley Friedman*
Kelley Friedman, Esq.
Randy L. Fairless, Esq.
JOHANSON & FAIRLESS, L.L.P.
1456 First Colony Blvd.
Sugar Land, Texas 77479
Tel: (281) 313-5000

**ARROW MIDSTREAM HOLDINGS CCC**

*/s/ Mark W. Zimmerman*
Mark W. Zimmerman, Esq.
Elizabeth T. Jozefowicz, Esq.
CLAUSEN MILLER P.C.
10 South LaSalle
Chicago, Illinois 60603
Tel: (312) 855-1010

**MARATHON OIL COMPANY**

*/s/ Sarah R. Borders*
Tracie J. Renfroe, Esq.
Sarah R. Borders, Esq.
KING & SPALDING LLP
1100 Louisiana Street
Suite 400
Houston, Texas 77003
Tel: (713) 751-3214

**QEP RESOURCES, INC.**

*/s/ Jeremy R. Fischer*
Jeremy R. Fischer, Esq.
DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, Maine 04101
Tel: (207) 772-1941

**SLAWSON EXPLORATION COMPANY, INC.**

*/s/ Steven E. Cope*
Steven E. Cope, Esq.
COPE LAW FIRM
One William Street
P.O. Box 1398
Portland, Maine 04104
Tel: (207) 772-7491

**EDWARD A. BURKHARDT, LARRY PARSONS, STEVEN J. LEE, STEPHEN ARCHER, ROBERT C. GRINDROD, JOSEPH C. MCGONIGLE, GAYNOR RYAN, DONALD GARDNER, JR., IN THEIR CAPACITY AS DIRECTORS AND OFFICERS OF MMA AND MMAC, MONTREAL, MAINE & ATLANTIC CORPORATION and/or LMS ACQUISITION CORPORATION**

*/s/ Patrick C. Maxcy*
Patrick C. Maxcy, Esq.
DENTONS US LLP
233 South Wacker Drive Suite 5900
Chicago, Illinois  60606
Tel: (312) 876-2810

**HARTFORD CASUALTY INSURANCE COMPANY**

*/s/ William D. Goddard*
William D. Goddard, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103
Tel: (860) 275-0117

**RAIL WORLD HOLDINGS LLC, RAIL WORLD, INC., RAIL WORLD LOCOMOTIVE LEASING LLC, THE SAN LUIS CENTRAL R.R. CO., PEA VINE CORPORATION, LMS ACQUISITION CORPORATION, MMA CORPORATION, and EARLSTON ASSOCIATES L.P.**

*/s/ Patrick C. Maxcy*
Patrick C. Maxcy, Esq.
DENTONS US LLP
233 South Wacker Drive Suite 5900
Chicago, Illinois  60606
Tel: (312) 876-2810

**GENERAL ELECTRIC RAILCAR SERVICES CORPORATION, GENERAL ELECTRIC COMPANY**

*/s/ Jeffrey C. Steen*
Jeffrey C. Steen, Esq.
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7824


**TRINITY        INDUSTRIES,        INC.,        TRINITY INDUSTRIES      LEASING      COMPANY,      TRINITY TANK CAR, INC., TRINITY RAIL GROUP LLC, RIV 2013 RAIL HOLDINGS LLC, and TRINITY RAIL LEASING WAREHOUSE TRUST**

*/s/ Jennifer A. Kenedy*
Jennifer A. Kenedy, Esq.
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
Tel: (312) 443-0377

**TRINITY RAIL LEASING 2012 LLC**

*/s/ D. Ferguson McNiel*
D. Ferguson McNiel, Esq.
VINSON & ELKINS LLP
1001 Fannin Street
Suite 2500
Houston, Texas 77002
Tel: (713) 758-3882

**UNION TANK CAR COMPANY, THE UTLX INTERNATIONAL DIVISION OF UTCC, THE MARMON GROUP LLC, and PROCOR LIMITED**

*/s/ James K. Robertson, Jr.*
James K Robertson, Jr., Esq.
CARMODY TORRANCE SANDAK & HENNESSEY LLP
50 Leavenworth Street
Waterbury, Connecticut 06721
Tel: (203) 575-2636

**FIRST UNION RAIL CORPORATION**

*/s/ Robert C. Bowers*
Robert C. Bowers, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202
Tel: (704) 331-3560

**CIT GROUP, INC.**

*/s/ Debra A. Dandeneau*
Debra A. Dandeneau, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York. 10153
Tel: (212) 310-8541

**CONOCOPHILLIPS COMPANY**

*/s/ Julie Hardin*
Julie Hardin, Esq.
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Tel: (713) 469-3813


**SHELL OIL COMPANY, AND**
**SHELL TRADING (US) COMPANY**

*/s/ Omar J. Alaniz*
William K. Kroger, Esq.
Omar J. Alaniz, Esq.
BAKER BOTTS LLP
2910 Louisiana Street
Houston, Texas 77002
Tel: (713) 229-1378


**INCORR ENERGY GROUP LLC**

*/s/ Timothy A. Davidson*
Timothy A. Davidson II, Esq.
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Tel: (713) 220-4200


**ENSERCO ENERGY, LLC**

*/s/ Julie Hardin*
Julie Hardin, Esq.
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Tel: (713) 469-3813

**WORLD FUEL SERVICES CORPORATION, WORLD FUEL SERVICES, INC., WORLD FUEL SERVICES CANADA, INC., PETROLEUM TRANSPORT SOLUTIONS, LLC, WESTERN PETROLEUM COMPANY, STROBEL STAROSTKA TRANSFER LLC, DAKOTA PLAINS MARKETING LLC, DAKOTA PLAINS HOLDINGS, INC., DPTS MARKETING INC., DAKOTA PLAINS TRANSLOADING LLC, and DAKOTA PETROLEUM TRANSPORT SOLUTIONS LLC**

*/s/ Leslie M. Smith*
Leslie M. Smith, Esq.
Adam Paul, Esq.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000


**SMBC RAIL SERVICES, LLC f/k/a FLAGSHIP RAIL SERVICES, LLC**

*/s/ Susan Gummow*
Susan Gummow, Esq.
FORAN GLENNON
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5055

**SCHEDULE A**
**List of Settling Defendants**

The list below consists of the parties who have executed settlement agreements with Montreal Maine & Atlantic Canada Co. ("MMAC") and Robert J. Keach in his capacity as Chapter 11 Trustee of Montreal, Maine & Atlantic Railway Ltd. (the "Trustee").  Nothing in this list shall supersede, effect, modify or amend any such settlement agreement and to the extent of any conflict between the descriptions in this list and any such settlement agreement, the settlement agreement shall govern.  All such settlement agreements are subject to court approval and other conditions, and the inclusion of any person or entity on this list does not create or imply the release of such person or entity from any claim; in all respects, the settlement agreements, and the court orders pertaining to the settlement agreements, shall govern.  The term "Affiliate" used in this Schedule "A" means with respect to any entity, all other entities directly or indirectly controlling, controlled by, or under direct or indirect common control with such entity.  The other capitalized terms used herein have the meaning ascribed to them in the Plan. The Settling Defendants are as follows:

1.     **Devlar Energy Marketing LLC together with their parents Lario Oil & Gas Company and Devo Trading & Consulting Company (collectively "Devlar"),** as well as their subsidiaries, Affiliates and each of their former and current respective employees, officers and directors, successors and permitted assignees, attorneys and insurers, (including St. Paul Fire and Marine Insurance Company and its direct and indirect parents, subsidiaries and Affiliates), but only to the extent of coverage afforded to Devlar by such insurers in relation to the Derailment.

2.     **Oasis Petroleum Inc. and Oasis Petroleum LLC (jointly, "Oasis"),** together with their parents, subsidiaries, Affiliates and each of their former and current respective employees, officers and directors, successors and permitted assignees, attorneys and insurers (including St. Paul Fire and Marine Insurance Company and its direct and indirect parents, subsidiaries and affiliates) but only to the extent of coverage afforded to Oasis by such insurers in relation to the Derailment, as well as the entities identified in Schedule 2 hereto but strictly as non-operating working interest owners or joint venturers

1

in the specific Oasis-operated wells that produced oil that was provided and supplied by Oasis that was transported in the train involved in the Derailment.

3. **Inland Oil & Gas Corporation, Whiting Petroleum Corporation, Enerplus Resources (USA) Corporation, Halcón Resources Corporation, Tracker Resources, Kodiak Oil & Gas Corp. (now known as Whiting Canadian Holding Company, ULC) and Golden Eye Resources LLC**, together with each of their respective parents, subsidiaries, Affiliates, and each of their former and current respective employees, officers, directors, successors and permitted assignees and attorneys, but strictly as non-operating working interest owners or joint venturers in any wells that produced oil that was provided, supplied and transported in the train involved in the Derailment.

4. **Arrow Midstream Holdings CCC**. ("**Arrow**") together with its parents, subsidiaries, Affiliates, successors, officers, directors, principals, employees, attorneys, accountants, representatives, and insurers.  For the avoidance of doubt, Arrow shall include its current parent Crestwood Midstream Partners LP; and insurers mean only those insurers who have issued liability insurance policies to or in favor of Arrow actually or potentially providing insurance for Claims against Arrow arising from or relating to the Derailment, including without limitation, Commerce and Industry Insurance Company under policy no. 3023278 and National Union Fire Insurance Company of Pittsburgh, Pa. under policy no. 41131539.

5. **Marathon Oil Company ("Marathon")**, together with its parent, subsidiaries, successors and assigns, Affiliates, officers, directors, principals, employees, attorneys, accountants, representatives, insurers (to the extent strictly limited to coverage afforded to Marathon in relation to the Derailment), as well as the entities identified in schedule 5 attached hereto, but strictly as non-operating working interest owners or joint venturers in the specific Marathon-operated wells that produced and supplied oil that was transported on the train involved in the Derailment.  For the avoidance of doubt, insurers, as used in this definition, shall include all insurers that issued liability policies to or for the benefit of Marathon and that actually or potentially provided coverage for Claims relating to or arising from the Derailment, including, but not limited to, Yorktown Assurance

2

Corporation policy number XSL-7-2013 and Old Maine Assurance Ltd. (reinsurance Agreement).

6.    **QEP Resources, Inc. ("QEP")**, together with its parents, subsidiaries, Affiliates, successors and assigns, officers, directors, principals, employees, attorneys, accountants, representatives, insurers (to the extent strictly limited to coverage afforded to QEP in relation to the Derailment), as well as those entities identified in schedule 6 attached hereto, but strictly as non-operating working interest owners or joint venturers in the specific QEP-operated wells that produced and supplied oil that was transported on the train involved in the Derailment.  For the avoidance of doubt, insurers, as used in this definition, shall include all insurers that issued liability policies to or for the benefit of QEP and that actually or potentially provided coverage for Claims relating to or arising from the Derailment, including, but not be limited to, National Union Fire Insurance Company of Pittsburgh, Pa. (policy number 194-99-62); American Guarantee & Liability Insurance Company (policy number UMB6692611-02).

7.    **Slawson Exploration Company, Inc. ("Slawson")**, together with its parents, subsidiaries, Affiliates, successors and assigns, officers, directors, principals, employees, attorneys, accountants, representatives, insurers (to the extent strictly limited to coverage afforded to Slawson in relation to the Derailment), as well as those entities identified on schedule 7 attached hereto, but strictly as non-operating working interest owners in the specific Slawson-operated wells that produced oil that was transported on the train involved in the Derailment.  For the avoidance of doubt, insurers, as used in this definition, shall include all insurers that issued liability policies to or for the benefit of Slawson and that actually or potentially provided coverage for Claims relating to or arising from the Derailment, including, but not be limited to, Federal Insurance Company (policy 3579 09 19 and 7981 72 74), Arch Specialty Insurance Company (policy EE00039761 03), and AIG (policy BE031941993).

8.    **Indian Harbor Insurance Company, XL Insurance, XL Group plc and their Affiliates** (strictly as insurers of MMA and MMAC).

9.      **Edward A. Burkhardt, Larry Parsons, Steven J. Lee, Stephen Archer, Robert C. Grindrod, Joseph C. McGonigle, Gaynor Ryan, Donald Gardner, Jr., Fred Yocum, Yves Bourdon and James Howard, in their capacity as directors and officers of MMA and MMAC, Montreal, Maine & Atlantic Corporation and/or LMS Acquisition Corporation (the "D&O Parties")**.

10.     **Hartford Casualty Insurance Company, together with its parents, subsidiaries, Affiliates, officers and directors** (strictly as insurer of Rail World, Inc.).

11.     **Chubb & Son, a division of Federal Insurance Company** (strictly as insurers of Rail World, Inc. and Rail World Holdings, LLC).

12.     **Rail World Holdings LLC; Rail World, Inc.; Rail World Locomotive Leasing LLC; The San Luis Central R.R. Co.; Pea Vine Corporation; LMS Acquisition Corporation; MMA Corporation; Earlston Associates L.P.,** and each of the shareholders, directors, officers or members or partners of the foregoing, to the extent they are not D&O Parties (the "**Rail World Parties**"). For the avoidance of doubt, (i) Rail World Parties also includes Edward A. Burkhardt, solely in his capacity as director, officer and/shareholder of certain of the Rail World Parties; and (ii) the inclusion of the above entities within the definition of "Rail World Parties", except for the purpose of the settlement agreement executed with MMAC and the Trustee, shall not be construed to create or acknowledge an affiliation between or among any of the Rail World Parties.

13.     **General Electric Railcar Services Corporation, General Electric Company** and each of its and their respective parents, Affiliates, subsidiaries, limited liability companies, special purpose vehicles, partnerships, joint ventures, and other related business entities, and each of its and their respective current or former parents, Affiliates, subsidiaries, limited liability companies, special purpose vehicles, partnerships, joint ventures, other related business entities, principals, partners, shareholders, officers, directors, managers, partners, employees, agents, insurers, attorneys, accountants, financial advisors, investment bankers, consultants, any other professionals, any other representatives or advisors, and any and all persons who control any of these, as well as any predecessors-

in-interest of, or any assignors or vendors of any equipment involved in the Derailment to, any of the foregoing entities and any of the successors and assigns of any of the foregoing entities.

14. **Trinity Industries, Inc., Trinity Industries Leasing Company, Trinity Tank Car, Inc., and Trinity Rail Leasing 2012 LLC, Trinity Rail Group LLC, RIV 2013 Rail Holdings LLC, and Trinity Rail Leasing Warehouse Trust**, inclusive of each of their respective predecessors, agents, servants, employees, shareholders, officers, directors, attorneys, representatives, successors, assigns, parents, subsidiaries, Affiliates, limited liability companies, insurers, and reinsurers (but strictly to the extent of coverage afforded to the such parties by said insurers and reinsurers), including but not limited to whether such entities are in the business of leasing, manufacturing, servicing or administrating rail cars.

15. **Union Tank Car Company, the UTLX International Division of UTCC, The Marmon Group LLC and Procor Limited (the "UTCC Parties")**, and each of their respective predecessors, servants, employees, owners, members (strictly with respect to The Marmon Group LLC), shareholders, officers, directors, partners, associates, attorneys, representatives, successors, assigns, subsidiaries, Affiliates, and parent companies, insurers, and reinsurers listed in schedule 15 attached hereto, but strictly to the extent of coverage afforded to the UTCC Parties by said insurers and reinsurers, regardless of whether such entities are or were in the business of leasing, manufacturing, servicing, or administering rail car leases or otherwise.

16. **First Union Rail Corporation ("First Union")**, together with its parents, subsidiaries, Affiliates, officers, directors, predecessors, successors, assigns, servants, employees, shareholders, attorneys, representatives and insurers and reinsurers (strictly to the extent limited to coverage afforded to First Union, and including, but not limited to, Lexington Insurance Company (including pursuant to the Pollution Legal Liability Select Policy no. PL52675034 and Stand Alone Excess Liability Policy no. 018403252) and Superior Guaranty Insurance Company (including pursuant to Excess Liability Policy no. 404-1XSCI13)).

17.   **CIT Group, Inc**., and its Affiliates, Federal Insurance Company solely in its capacity as an insurer of CIT Group, Inc. and its Affiliates and not in any other capacity, and Arch Insurance Group solely in its capacity as an insurer of CIT Group, Inc. and its Affiliates, and not in any other capacity.

18.   **ConocoPhillips Company ("ConocoPhillips")**, together with its subsidiaries, Affiliates, and each of their former and current respective employees, officers and directors, successors and permitted assignees, attorneys, and insurers (and the insurers direct and indirect parents, subsidiaries and Affiliates), but with regards to such insurers, only to the extent of coverage provided to ConocoPhillips by such insurers in relation to the Derailment, as well as those entities identified in Schedule 18 hereto, but strictly as non-operating working interest owners in the specific ConocoPhillips operated wells that produced and supplied oil that was transported on the train involved in the Derailment.

19.   **Shell Oil Company and Shell Trading (US) Company,** together with their subsidiaries, Affiliates, and each of their former and current respective employees, officers and directors, successors and permitted assignees, attorneys, and insurers (and the insurers' direct and indirect parents, subsidiaries and Affiliates), but with regards to such insurers, only to the extent of coverage provided to Shell Oil Company and Shell Trading (US) Company, by such insurers in relation to the Derailment.

20.   **Incorr Energy Group LLC ("Incorr")**, together with its subsidiaries, Affiliates and each of their former and current respective employees, officers and directors, successors and permitted assignees, attorneys and insurers but only with respect to coverage afforded by such insurers to Incorr in relation to the Derailment.

21.   **Enserco Energy, LLC**, together with its parent, subsidiaries, Affiliates, and each of their former and current respective employees, officers and directors, successors and permitted assignees, attorneys, and insurers (and the insurers' direct and indirect parents, subsidiaries and Affiliates), but with regards to such insurers, only to the extent of coverage provided to Enserco Energy, LLC, by such insurers in relation to the Derailment.

6

22.     **The Attorney General of Canada, the Government of Canada, Her Majesty the Queen in Right of Canada and the departments, crown corporations and agencies including the Canadian Transportation Agency, and including all past, present and future Ministers, officers, employees, representatives, servants, agents, parent, subsidiary and affiliated crown corporations and agencies, and their respective estates, successors and assigns.**

23.     **(i) Irving Oil Limited, Irving Oil Company, Limited, Irving Oil Operations General Partner Limited and Irving Oil Commercial G.P.**, (ii) any of their Affiliates (as defined in the settlement agreement), (iii) any predecessors, successors and assigns of any of the foregoing Persons named in clauses (i) and (ii) of this paragraph 23, and (iv) any directors, officers, agents and/or employees of any of the foregoing Persons named in clauses (i), (ii) and (iii) of this paragraph 23 (the "**Irving Parties**"), and the insurers listed in Schedule 23 attached hereto, but only in their respective capacities as insurers of the Irving Parties under the insurance policies listed by policy numbers in said Schedule 23 (the "**Irving Insurers**").  Notwithstanding the foregoing or anything else in this list and the Plan, the claims (including the Claims) and/or other rights that the Irving Parties have (or may have) against their insurers (including but not limited to the Irving Insurers) or any one or more of them under any applicable policies, at law, in equity or otherwise, are fully preserved and said insurers (including but not limited to the Irving Insurers) are not Settling Defendants in connection with said claims (including any Claims) and/or other rights of the Irving Parties.

24.     **(i) World Fuel Services Corporation, World Fuel Services, Inc., World Fuel Services Canada, Inc., Petroleum Transport Solutions, LLC, Western Petroleum Company, Strobel Starostka Transfer LLC ("SST"), Dakota Plains Marketing LLC, Dakota Plains Holdings, Inc., DPTS Marketing Inc., Dakota Plains Transloading LLC, Dakota Petroleum Transport Solutions LLC (the "World Fuel Parties"),** (ii) any of their Affiliates, (iii) any predecessors, successors and assigns of any of the foregoing Persons named in clauses (i) and (ii) of this paragraph 24, and (iv) any directors, officers, agents and/or employees of any of the foregoing Persons named in clauses (i), (ii) and (iii) of this paragraph 24. and the insurers listed in schedule 24 attached hereto, but only

7

in their respective capacities as insurers under the insurance policies listed by policy number in said schedule 24 (the "**World Fuel Insurers**").  Notwithstanding the foregoing or anything else in this list and the Plan, the claims (including the Claims) and/or other rights that the World Fuel Parties have (or may have) against their insurers (including but not limited to the World Fuel Insurers), SST or its insurers, or any one or more of them under any applicable policies, at law, in equity or otherwise, are fully preserved and SST, as well as said insurers (including but not limited to the World Fuel Insurers) are not Settling Defendants in connection with said Claims and/or other rights of the World Fuel Parties.

25.  **The SMBC Parties, namely: SMBC Rail Services, LLC f/k/a Flagship Rail Services, LLC, and its respective predecessors, servants, employees, independent contractors, owners, shareholders, officers, directors, associates, attorneys, accountants, representatives, successors, assigns, agents, subsidiaries, affiliates, and parent companies, and including without limitation Sumitomo Mitsui Financial Group, Inc., Sumitomo Mitsui Finance & Leasing Company, Limited, Sumitomo Mitsui Banking Corporation of Canada, Sumitomo Mitsui Banking Corporation, SMBC Capital Markets, Inc., SMBC Leasing and Finance, Inc., SMBC Nikko Securities America, Inc., JRI America, Inc., Manufacturers Bank, SMBC Global Foundation, Inc., SMBC Financial Services, Inc., SMBC Cayman LC Limited, SMBC Capital Partners LLC, SMBC Leasing Investment LLC, SMBC Marine Finance, Inc., Sakura Preferred Capital (Cayman), Limited, TLP Rail Trust I, FRS I, LLC, and FR Holdings, LLC and its subsidiaries.  "SMBC Parties" also means TLP Rail Trust I, a Delaware Statutory Trust, SMBC Rail Services, LLC, as the owner participant and beneficiary of TLP Rail Trust I, and Wilmington Trust Company, Trustee of TLP Rail Trust I.**  "SMBC Parties" also means Liberty Mutual Holding Company, Inc. and its subsidiaries and affiliates, Liberty Mutual Group Inc., Liberty Mutual Insurance Company, Liberty Insurance Underwriters Inc., Liberty Surplus Insurance Corporation, and Liberty International Underwriters (collectively, "**Liberty**") and any reinsurers that Liberty has any policy, agreement, contract, or treaty with that relates in any way to any of the SMBC Parties or any insurance policy issued by Liberty to any of the SMBC Parties.

Notwithstanding the foregoing or anything else in this list, and without implying or providing any limitation, the term "Settling Defendants" as used herein or above <u>does not include, and shall not be deemed to include</u> Canadian Pacific Railway Company.

**SCHEDULE 2**
**LIST OF NON-OPERATING WORKING INTEREST OWNERS OR**
**JOINT VENTURERS IN OASIS OPERATED WELLS**

Whiting Oil And Gas Corporation;
Hess Corporation;
Hess Bakken Investments II LLC
Continental Resources Inc.;
Sinclair Oil And Gas Company;
Conoco Phillips Company;
Black Bear Resources, LLP;
Castlerock Resources Inc.;
Deep Creek Exploration;
Enerplus Resources Usa Corporation;
Fidelity E&P Company:
Fidelity Exploration &Production Co;
Inland Oil & Gas Corporation;
Jake Energy Inc.;
Kerogen Resources Inc.;
Lilley & Company;
Lilley And Associates LLC;
Linn Energy Holdings LLC;
Lone Rider Trading Company;
Mayhem Oil And Gas Inc.;
Missouri River Royalty Corp;
Nj Petroleum LLC;
Northern Energy Corporation;
Northern Oil & Gas Inc.;
O.T. Cross Oil LLC;
Ottertail Land & Permit Services;
Penroc Oil Corporation;
Reef 2011 Private Drilling Fund LP;
Shakti Energy LLC;
Slawson Exploration Company Inc.;
Statoil Oil & Gas LP;
WHC Exploration LLC;

## SCHEDULE 5

## LIST OF NON-OPERATING WORKING INTEREST OWNERS OR JOINT VENTURERS IN MARATHON OPERATED WELLS

ALAMEDA ENERGY INC
ARTHUR FRANK LONG JR
BEARTOOTH RIDGE RESOURCES
CARL W STERUD JR
CHUGASH EXPLORATION LP
CONDOR PETROLEUM INC
CONTINENTAL RESOURCES INC
DISPUTED STATE-TRIBAL INTEREST
ENDEAVOR ENERGY RESOURCES LP
ENERPLUS RESOURCES CORPORATION
ESTATE OF KARL WILLIAM STERUD
ESTATE OF WALLACE HICKEL
EVERTSON ENERGY PARTNERS LLC
GADECO LLC
GOLDENEYE RESOURCES LLC
HALCON WILLISTON I LLC
HESS BAKKEN INVESTMENTS II LLC
ILAJEAN REAMS
JENNIFER BYSTROM
JOSEPHINE ANN KJONAAS
KOOTENAI RESOURCE CORP
LA PETROLEUM INC
LGFE-M LP
LINDA ELWOOD
LOUIS WALTER LONG
MARCIN PRODUCTION LLC
MICHAEL HARVEY STERUD
MISSOURI RIVER ROYALTY CORPORATION
MONTANA OIL PROPERTIES INC
MONTE TEDDY LONG
NATURAL RESOURCE PARTNERS LP
NORTHERN ENERGY CORP
NORTHERN OIL AND GAS INC
PETROGULF CORP
QEP ENERGY COMPANY
RAINBOW ENERGY MARKETING CORP
RONALD KNIGHT
S REGER FAMILY INC

SLAWSON EXPLORATION COMPANY INC
SLAWSON RESOURCES COMPANY
SPOTTED HAWK DEVELOPMENT LLC
STEWART GEOLOGICAL INC
TDB RESOURCES LP
USG PROPERTIES BAKKEN II LLC
VERSA ENERGY LLC
VITESSE ENERGY LLC
VITESSE OIL LLC
W NORTH FUND II LP
ZAGOIL COMPANY LLC

## SCHEDULE 6

## LIST OF NON-OPERATING WORKING INTEREST OWNERS OR JOINT VENTURERS IN QEP OPERATED WELLS

3LAND INC
ACTION REALTORS INC
ADELE L. SKODA
AMERADA HESS CORPORATION
ANDREW J HORVAT REVOCABLE TRUST
ARMSTRONG CHILDREN'S TRUST
ARMSTRONG MINERALS, LLC
AVALON NORTH LLC
BADLANDS HOLDING COMPANY
BANDED ROCK LLC
BIG PRAIRIE INVESTMENTS, LLC
BLACK STONE ENERGY COMPANY, LLC
BORGOIL RESOURCES, LLP
BRUCE P. IVERSON
BURLINGTON RESOURCES OIL & GAS
BXP PARTNERS III, LP
CHUGASH EXPLORATION LP
CONTINENTAL RESOURCES INC
COPPERHEAD CORPORATION
CRESCENT ENERGY, INC.
CRS MINERALS LLC
DAKOTA WEST LLC
DALE LEASE ACQUISITIONS 2011-B LP
DAVIS EXPLORATION
DEBRA KAY TORNBERG
DEEP CREEK EXPLORATION LLC
DEVON ENERGY PRODUCTION CO. LP
DIAMOND EXPLORATION INC
DORCHESTER MINERALS LP
DUANE A. IVERSON
E. W. BOWLES
ENDEAVOR ENERGY RESOURCES LP
ENERPLUS RESOURCES (USA)
ESTATE OF ROBERT J MCCANN JR
EZ OIL, LLC

FORESTAR PETROLEUM GROUP
GAEDEKE WILLISTON BASIN HOLDINGS
GARY LEE MCCORMICK
GREEN RIVER ENERGY LLC
HALCON RESOURCES CORP COMPANY
HESS BAKKEN INVESTMENTS II LLC
HESS CORPORATION
INTERNATIONAL PETROLEUM CORPORATION
INTERNOS, INC.
J KAMP OIL LLC
JEFF GARSKE
JERALDINE BJORNSON
JJS WORKING INTERESTS LLC
JOEL ALM
JOHN B. BJORNSON
JT ENERGY, LLC
JTT OIL LLC
JUNE ANN GREENBERG
KENNETH STEVENSON
KODIAK OIL & GAS (USA) INC
L LOWRY MAYS
LANDSOUTH PROPERTIES, LLC
LEE MCCORMICK MARITAL TRUST
LEGION LAND & EXPLORATION CORP
LELAND STENEHJEM, JR.
LGFE-M L.P.
LINDSEY K MULLENIX
LMAC, LLC
LONE RIDER TRADING COMPANY
LONETREE ENERGY & ASSOCIATES
M & M ENERGY INC
MADDOX FAMILY TRUST
MARATHON OIL COMPANY
MBI OIL & GAS LLC
MCBRIDE OIL & GAS CORPORATION
MILBURN INVESTMENTS, LLC
MISSOURI RIVER ROYALTY COMPANY
MUREX PETROLEUM CORPORATION
NORTHERN ENERGY CORPORATION
NORTHERN OIL AND GAS, INC.

NORTHLAND ROYALTY CORPORATION
NOWITZKI OIL & GAS LP
O. A. HANSON
OPINOR ANNA PTY KAISER FUND
PETROGLYPH ENERGY
PETROVAUGHN INC.
PHILIP R. BISHOP
PRADERA DEL NORTE, INC.
RALPH MADDOX FAMILY TRUST
RAVEN OIL PROPERTIES INC
REEF 2011 PRIVATE DRILLING FUND LP
ROBERT J. MCCORMICK
ROBERT POST JOHNSON
SCOTT ENERGY, LLC
SCOTT K. BJORNSON
SCOTT WARD
SIDNEY K. LEACH
SIERRA RESOURCES INC
SINCLAIR OIL & GAS COMPANY
SIXTY NINE OIL & GAS LP
SKLARCO LLC
SLAWSON EXPLORATION CO INC
SM ENERGY COMPANY
SOUTH FORK EXPLORATION, LLC
SPOTTED HAWK DEVELOPMENT LLC
SRP ENTERPRISES, INC.
STEVEN H HARRIS FAMILY LIMITED
STUBER MINERAL RESOURCES LLC
SUNDHEIM OIL CORPORATION
SUSAN D STENEHJEM
THE ERICKSON FAMILY TRUST
THE MILLENNIUM CORPORATION
THE TRIPLE T INC.
TIMOTHY J. RITTER
TL & JH KAISER SUPERANNUATION
TURMOIL INC
TWIN CITY TECHNICAL, LLC
USG PROPERTIES BAKKEN II LLC
VINNIE CORP
VINTAGE OIL & GAS, LLC

VIVIAN MCCORMICK WARREN
WESTERN ENERGY CORPORATION
WILLIAM G SEAL ESTATE
WOLF ENERGY LLC
XTO ENERGY INC
XTO OFFSHORE INC
ZACHARY D  VANOVER

**SCHEDULE 7**

**LIST OF NON OPERATING WORKING INTEREST OWNERS
OR JOINT VENTURERS IN SLAWSON OPERATED WELLS**

A.G. Andrikopoulos Resources, Inc.

Abercrombie Energy, Inc.

Alameda Energy, Inc.

Anthony J. Klein

Bakken HBT II, LP

Beartooth Ridge Resources, Inc.

Beck Sherven Legion Post #290

Benjamin Kirkaldie

BigSky Oil & Gas, LLC

Bob Featherer LLC

Brendall Energy, LLC

Burlington Northern & Sante Fe

C King Oil

Cedar Creek Wolverine, LLC

Centaur Consulting, LLC

Chugash Exploration, LP

Comanche Exploration Company

Continental Resources, Inc.

Craig A. Slawson

D. Sumner Chase, III 2001 Irr. Trust

David L. Hilleren

David W. Strickler Trust

Davis Exploration, LLC

Deep Blue, LLC

Dogwood Hill Farms, LLC

DS&S Chase, LLC

Enerplus Resources (USA) Corp

Formation Energy LP

Frederic Putnam

Gadeco, LLC

Gaedeke Williston Basin, Ltd.

Gasco Limited Partnership

GHG Partners, LLC

Great Plains Oil Properties, LLC

Greenhead Energy, Inc.

Gulfport Energy Corporation

HRC Energy, LLC

Huston Energy Corporation

Icenine Properties, LLC

Inland Oil and Gas Corporation

James H Bragg

John Schell

Kenneth Lyson and Claudia G. Lyson

Kodiak Oil & Gas (USA), Inc.

Kootenai Resources Corporation

L D Davis & Marilyn Davis, JTS

Lario Oil and Gas Company

Linn Energy Holdings, LLC

Marcin Production, LLC

Mark Lee

Marshall & Winston, Inc.

Mary Newman

Melbby Gas III, LLC

Missouri River Royalty Corporation

Montana Oil Properties, Inc.

MRG Holdings, LLC

Mwiley Resources, Inc.

Nadel and Gussman Bakken, LLC

Northern Oil and Gas, Inc.

Oxy USA, Inc.

Pegasus Group Inc.

Petro-Huston, LLC

Petroshale (US) Inc.

Pine Oil Co.

Pine Petroleum, Inc.

Piscato Oil, LLC

Polish Oil & Gas, Inc.

Raymond Resources Inc.

Riley Resources, Inc.

Robert A. Erickson & Cleo

S. Reger Family, Inc.

Sheringham Corporation

Slawson Resources Co.

Statoil Oil & Gas, LP

Stewart Geological, Inc.

Stuart F. Chase

Stuart F. Chase 2001 Irr. Trust

Thomas Lambert

Todd Slawson

Todd Slawson Trust

Tracker Resource Development III, LLC

U S Energy Development Corporation

USG Properties Bakken II, LLC

Vitesse Energy, LLC

Vitesse Oil, LLC

W B Oil LLC

Whiting Oil and Gas

Windsor Dakota, LLC

Zagoil Company, LLC

**SCHEDULE 15**

**LIST OF UTCC'S INSURERS AND REINSURERS**

Canadian Insurance Companies

ACE INA Insurance

Chartis Insurance Company of Canada (n/k/a AIG Insurance Company of Canada)

Westport Insurance Corporation

U.S. Insurance Companies

ACE American Insurance Company

American Zurich Insurance Company

Lexington Insurance Company

North American Capacity Insurance Company

Starr Indemnity & Liability Company

Bermudian Insurance Companies

ACE Bermuda Insurance Ltd.

Allied World Assurance Company Ltd.

Argo Re Ltd.

Chartis Excess Limited (n/k/a American International Reinsurance Company Ltd.)

Chubb Atlantic Indemnity Ltd.

Hanseatic Insurance Company (Bermuda) Limited

Iron-Starr Excess Agency Ltd. / Ironshore Insurance Ltd. / Starr Insurance & Reinsurance Limited

Starr Insurance & Reinsurance Limited

XL Insurance (Bermuda) Ltd.

**SCHEDULE 18**

**LIST OF NON-OPERATING INTEREST OWNERS OR JOINT VENTURERS IN BURLINGTON RESOURCES OIL & GAS COMPANY LP (A WHOLLY OWNED SUBSIDIARY OF CONOCOPHILLIPS) OPERATED WELLS**

Continental Resources Inc.

Hess Corporation

Hess Bakken Investment II, LLC

JAG Oil Limited Partnership

Linn Energy Holdings LLC

Newfield Production Company

Northern Oil & Gas, Inc.

Twin City Technical LLC

WM ND Energy Resources II, LLC

QEP Energy Co.

Questar Exploration & Production Co.

**SCHEDULE 23**

**LIST OF IRVING INSURERS**

1. ACE INA Insurance
   - CGL 523952
   - XBC 602712
2. Zurich Insurance plc, UK Branch
   - B0509E1149413
   - B0509E1181313
3. Zurich lnsurance Company Ltd
   - 8840960
   - 8838799
4. AEGIS, Syndicate AES 1225
   - B0509E1149413
5. Mitsui Sumitomo, Insurance Corporate Capital, Limited as sole member of Syndicate, 3210 at Lloyds
   - B0509E1181113
6. QBE Casualty Syndicate 386
   - B0509E1181113
7. QBE Syndicate 1886
   - B0509E1181113
8. Underwriters at Lloyd's and Lloyd's Syndicates, Subscribing to Policy No. B0509HM231013, including the following
   - AEGIS Syndicate AES 1225
   - Syndicate CNP 4444
   - Syndicate MKL 3000
   - Syndicate HIS 33
   - Syndicate LIB 4472
   - Syndicate ANV 1861
   - Syndicate MFM 2468
   - Syndicate AUW 609
   - Syndicate TUL 1301

- Syndicate SKD 1897
- Syndicate AML 2001
- Syndicate NAV 1221
- Syndicate TRV 5000

9. XL Insurance (Bermuda) Ltd.
   - XLUMB-742875

10. Oil Casualty Insurance, Ltd.
    - U920303-0313

11. Argo Re Ltd.
    - ARGO-CAS-OR-000227.1

12. Chubb Atlantic Indemnity Ltd.
    - 3310-17-91

13. Zurich Insurance Company Ltd
    - 8838799

14. Iron-Starr Excess Agency Ltd.
    - 1S0000822

15. AIG Excess Liability Insurance International Limited
    - 1657346

16. ACE Bermuda Insurance Ltd.
    - 1OC-1338/5

17. Liberty Mutual Insurance Company
    - XSTO-631084-013

18. ACE Underwriting Agencies Limited, as managing agency of Syndicate 2488 at Lloyd's, and ACE European Group Limited
    - B0509EI181413

## SCHEDULE 24

## LIST OF WORLD FUEL INSURERS

1. Zurich American Insurance Company ("Zurich").  Zurich is included in Schedule A only with respect to its indemnity limits, and not with respect to its obligation to defend or pay defense costs to the World Fuel Parties.  Zurich is included on Schedule A solely with respect to the following policies:

    - Zurich American Insurance Company Policy GLO 5955601-00 (eff. 07/01/2013 – 07/01/2014); and
    - Zurich American Insurance Company Policy ZE 5761197-00 (eff. 07/01/2013 – 07/01/2014)

2. Federal Insurance Company (GL) ("Federal (GL)").  Federal (GL) is included in Schedule A only with respect to its indemnity limits, and not with respect to its obligation to defend or pay defense costs to the World Fuel Parties.  Federal (GL) is included on Schedule A solely with respect to the following policy:

    - Federal Insurance Company Policy 3597-82-72 NHO (eff. 11/07/2012 – 11/07/2013)

3. Alterra Excess & Surplus Insurance Company ("Alterra").  Alterra is included on Schedule A solely with respect to the following policy:

    - Alterra Excess & Surplus Insurance Company Policy MAX3EC50000211 (eff. 11/07/2012 – 11/07/2013)

4. ACE Property and Casualty Insurance Company ("ACE").  Ace is included on Schedule A solely with respect to the following policy:

    - ACE Property and Casualty Insurance Company Policy XOO G27047026 (eff. 07/01/2013 – 07/01/2014)

5. Ironshore Specialty Insurance Company ("Ironshore").  Ironshore is included on Schedule A solely with respect to the following policy:

    - Ironshore Specialty Insurance Company Policy 001709800 (eff. 07/01/2013 – 07/01/2014)

6. *XL Insurance America, Inc. ("XL").  XL is included on Schedule A solely with respect to the following policy:

    - XL Insurance America, Inc. Policy US00065550LI13A (eff. 07/01/2013 – 07/01/2014)]
    - * settlement  subject to determination of WFS's ultimate derailment liability

3

7. Federal Insurance Company and Chubb Custom Insurance Company (Pollution) ("collectively, Chubb").  Chubb is included on Schedule A solely with respect to the following policies:

- Federal Insurance Company Policy 37313421 (eff. 10/1/2010 – 10/1/2020);
- Chubb Custom Insurance Company Policy 37313810 (eff. 4/17/2012 – 4/17/2017); and
- Chubb Custom Insurance Company Policy 37313496 (eff. 12/31/2010 – 12/31/2020)

8. Lexington Insurance Company and Chartis Specialty Insurance Company (collectively, "AIG").  AIG is included on Schedule A solely with respect to the following policies:

- Lexington Insurance Company Policy PLS 5652718 (eff. 06/01/11 – 07/01/14);
- Chartis Specialty Insurance Company Policy PLS 1951951 (eff. 07/01/11 – 07/01/14); and
- Chartis Specialty Insurance Company PLS 18809548 (eff. 05/11/12 – 05/11/15)

9. Crum and Forster Specialty Insurance Company ("Crum & Forster").  Crum & Forster is included on Schedule A solely with respect to the following policies:

- Crum & Forster Specialty Insurance Company Policy EPK 101162 (eff. 03/16/13-03/16/14); and
- Crum & Forster Specialty Insurance Company Policy EFX 100400 (eff. 03/16/13-03/16/14)]

Note 1.  Notwithstanding anything above or elsewhere in the Plan or the CCAA Plan, no insurer shall be included in this Schedule 24 or as a Released Party in the Plan or the CCAA Plan, or otherwise obtain the benefits of the Plan or the CCAA Plan, unless and until that insurer enters into a separate settlement agreement with the World Fuel Parties (mutually acceptable to the World Fuel Parties and that insurer) relating to insurance coverage for the Derailment.  Any such separate settlement agreement between the World Fuel Parties and an insurer shall be specifically subject to the terms and conditions thereof, notwithstanding anything to the contrary in the Plan, the CCAA Plan, or the Approval Orders (as defined in the CCAA Plan).  The releases set forth in the Plan, the CCAA Plan, and the Approval Orders are not intended to, and shall not, extend to or otherwise release or discharge any Claims, rights, privileges, or benefits held by the World Fuel Parties against the World Fuel Insurers or any other insurer of the World Fuel Parties, which shall be governed by such separate settlement agreement between the World Fuel Parties and such World Fuel Insurer or other insurer of the World Fuel Parties.